UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARQUISE D. PONDER,

     Plaintiff,

v.                              Case No. 8:25-cv-3226-TPB-NHA

CAPTAIN GARDIEFF,

     Defendant.

_____/

## **ORDER**

     Marquise D. Ponder, a Florida prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1) Ponder sues Captain Gardieff of the Manatee County Sheriff's Office for restricting his access to the law library while he was detained in the Manatee County Jail. Upon review, this case must be dismissed because the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

Ponder's allegations are contained in two sentences in which he alleges that Defendant Gardieff "violated [his] fourteenth amendment right to speak freely and write a grievance or sue" and that Defendant Gardieff "deprived [Ponder] of use of the kiosk to access the law library." (Doc. 1 at 4)   The complaint contains no additional details in support of this allegation, but instead, refers to Ponder's "statement of claim" for "more listed facts." (*Id*. at 5)  However, no "statement of claim" is attached to the complaint.

The complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If Ponder desires to proceed on his claim that Defendant Gardieff violated his constitutional rights by restricting his access to the law library, he must clearly describe what the defendant did, the details and circumstances relevant to the identified action, and how such action violated his "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citations omitted) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Ponder's complaint must be dismissed for the additional reason that it appears to be duplicative of previously filed lawsuits.  When asked whether he

has previously "filed other lawsuits in state or federal court dealing with the same facts involved in this action," Ponder responds "yes," identifies a lawsuit he filed against "Stone," and acknowledges that the lawsuit remains pending. (Doc. 1 at 9)  When asked whether he has previously "filed other lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment," Ponder again responds "yes," identifies a lawsuit he filed against "the Naphcare Department," and acknowledges that such lawsuit also remains pending.  (Doc. 1 at 9–10)  Ponder neglects to identify these lawsuits by their case names or numbers.  Nevertheless, he "may not file duplicative complaints in order to expand [his] legal rights."  *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017).

Finally, Ponder neglected to pay the filing fee or submit an affidavit of indigency or other application to proceed *in forma pauperis*, as required by 28 U.S.C. §§ 1914, 1915.

Accordingly, to remedy these deficiencies and permit Ponder another opportunity to pursue his claim, it is **ORDERED** that:

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

2. Ponder may pursue his claims in the earlier-filed and pending actions. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,* 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule provides that when parties

have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case.").

3.  The Clerk is directed to **CLOSE** this case.

DONE and ORDERED in Chambers in Tampa, Florida, this 2nd day of December, 2025.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**